## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE APPLICATION OF WENDA | § | |
| CO. LTD. FOR AN ORDER TO | § | |
| TAKE DISCOVERY FOR USE IN | § | NO. 4:25-MC-00015-SDJ-BD |
| FOREIGN PROCEEDINGS | § | |
| PURSUANT TO 28 U.S.C. § 1782 | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Wenda Co. Ltd., a Chinese company, filed an ex parte application under 28 U.S.C. § 1782 for an order authorizing it to issue subpoenas to The Charles Schwab Corporation ("CSC") and Charles Schwab & Co., Inc. ("CS&Co., Inc.") for documents to be used in pending court proceedings in the United Kingdom. Dkt. 1; *see* Dkt. 5 (redacted version of Wenda's application and exhibits). The application was referred to me for a recommended disposition. Dkt. 6. The court will recommend that the application be granted.

## BACKGROUND

According to the application, Wenda is litigating a fraud case in an English court against Wang Jinhong, a former Director and CFO of Wenda; Syner Ltd. and Effs Global Investment Co., Ltd., two companies that Wang founded; and Roland Petit, an "affiliate and believed romantic partner" of Wang. Dkt. 5 at 5. Wenda obtained an injunction from the English court requiring some of the defendants to make disclosures that would enable it to trace allegedly stolen assets. *Id.* at 8. But the defendants' "disclosures were inadequate, forcing Wenda to seek third-party disclosures from a number of banks across various jurisdictions." *Id.*

Wenda "successfully obtained from courts in the UK and Hong Kong disclosure orders compelling third parties to produce documents that shed light on the [alleged fraud]," and "[s]ome evidence uncovered through those disclosures points to other potentially relevant and material

evidence within the possession, custody, or control" of the targets of Wenda's § 1782 motion. *Id.* at 5.

> In particular, third-party disclosures ordered by a Hong Kong court revealed more than US$ 2 million in allegedly stolen funds transferred from Effs's DBS (Hong Kong) bank account to a TD Ameritrade Clearing, Inc. account, who in turn apparently credited some of the transferred funds (at Effs's direction) to another TD Ameritrade account. TD Ameritrade Holding Corporation was acquired by and fully integrated with CSC, and its subsidiary TD Ameritrade Clearing, Inc. is now operated by CSC's broker-dealer subsidiary, CS&Co., Inc. Both CSC and CS&Co., Inc. – the Respondents – are found in this judicial district.

*Id.*; *see id.* at 9–11 (describing the financial transactions that support the application). Wenda seeks "an order authorizing it to issue subpoenas to the Respondents sufficient to identify the holders and beneficiaries of the formerly TD Ameritrade accounts and related information." *Id.* at 6.

In particular, "Wenda seeks to identify the holders or beneficiaries of the two (formerly) TD Ameritrade accounts that received Effs's above-described money transfers." *Id.* at 11; *see id.* at 14. Wenda asserts that, "[i]f the holders or beneficiaries of these accounts are any of the UK Defendants (Wang, Petit, Syner, or Effs) or their relatives or affiliates, the requested documents will substantially aid the UK Proceedings" by helping Wenda establish its claims and recover the allegedly stolen funds. *Id.* at 11. According to Wenda, the requested discovery "is narrowly tailored and seeks only discrete documents sufficient to identify the holders and beneficiaries of two TD Ameritrade accounts and the dates on which those accounts were opened and, if applicable, closed." *Id.* at 12. The case is slated for a January 2026 trial in the English court. *Id.* at 5; *see* Dkt. 5-1 at 3 (declaration stating that "[t]he trial, originally listed for 29 April 2025, was adjourned due to delays in the Defendants' witness evidence and is now relisted for 19 January 2026").

## LAW

Titled "Assistance to foreign and international tribunals and to litigants before such tribunals," § 1782 "promote[s] international dispute resolution and comity," *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013), by authorizing "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a

document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). That provision and § 1331 give the court jurisdiction to grant such relief. *See Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983).

Section 1782(a) goes on to provide that

> [t]he order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A § 1782 applicant must therefore show that: (a) it is an "interested person"; (b) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (c) the source of the requested discovery "resides or is found" in the district where the application is filed. *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (quoting 28 U.S.C. § 1782(a)); *see Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009) (explaining that § 1782(a)'s "for use" language "does not require that every document discovered be actually used in the foreign proceeding," adding that, to the contrary, the statute "expressly provides that the district court should grant discovery under the Federal Rules of Civil Procedure," which give American litigants a broad net (citing Fed. R. Civ. P. 26(b)(1))).

If those statutory showings are made, a district court should then consider (a) whether "the person from whom discovery is sought is a participant in the foreign proceeding" or is instead a nonparticipant "outside the foreign tribunal's jurisdictional reach," such that the requested "evidence, available in the United States, may be unobtainable absent § 1782(a) aid"; (b) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial

assistance"; (c) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (d) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004). A court's exercise of discretion to grant relief under § 1782 based on those prudential considerations "is informed by the twin aims of the statute, which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts." *Tex. Keystone*, 694 F.3d at 553–54 (quotation marks omitted).

A § 1782 order may be sought ex parte. *See United States v. Zubaydah*, 595 U.S. 195, 198, 214 (2022). But "[w]here an applicant obtains an order allowing it to serve subpoenas under Section 1782 on an *ex parte* basis, the district court should vacate the order and quash discovery where, upon reconsideration, it determines the applicant failed to show that a Section 1782 order was warranted in the first instance." *CFE Int'l LLC v. Antaeus Grp. LLC*, No. 1:22-CV-365-LY-ML, 2022 WL 17731821, at *5 (W.D. Tex. Aug. 26, 2022), *report and recommendation adopted*, No. 1:22-CV-00365-LY-ML, 2022 WL 19569581 (W.D. Tex. Dec. 6, 2022); *accord In re Ord. Pursuant to 28 U.S.C. § 1782 to Obtain Discovery for Use in Foreign Proc.*, No. CV 4:23-mc-96, 2025 WL 714374, at *3 (E.D. Tex. Mar. 5, 2025).

## DISCUSSION

### I. Statutory Showings

Wenda checks all of the statute's boxes. *See* Dkt. 5 at 13–15. As a party to the underlying proceeding in the English court, it is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256 (explaining that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782" (quoting 28 U.S.C. § 1782(a))). The requested discovery is "for use in," 28 U.S.C. § 1782(a), that proceeding, Dkt. 5 at 5–6. And the sources of the requested discovery "reside[] or [are] found" in, 28 U.S.C. § 1782(a), a city within the Eastern District of Texas, Dkt. 5 at 6, 11, 14 (citing exhibits to the application).

## II. Prudential Considerations

As noted, a § 1782 applicant need show more than the statutory prerequisites to relief; it must also convince the court that granting relief is warranted based on the four considerations the Supreme Court identified in *Intel Corp.* Wenda has made each of those showings, too.

### A. The discovery targets' position beyond the reach of the English court

Wenda has sufficiently shown that the entities from which it seeks discovery are nonparties to the English proceeding and that the English court cannot, or at the very least would be unlikely to, compel them to produce the requested information. Dkt. 5-1 at 9; *see In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF, 2020 WL 6376651, at *3 (W.D. Tex. Oct. 30, 2020), *report and recommendation adopted*, No. SA:20-MC-1099-JKP-RBF, 2020 WL 13190300 (W.D. Tex. Nov. 29, 2020); *LEG Q LLC v. RSR Corp.*, No. 3:17-cv-1559-N-BN, 2017 WL 3780213, at *8 (N.D. Tex. Aug. 31, 2017); *In re Glob. Energy Horizons Corp.*, No. 5:15-mc-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015); *In re Smith*, No. 12CV1930-AJB(JMA), 2012 WL 12885234, at *2 (S.D. Cal. Oct. 9, 2012).

### B. The English court's receptiveness to Wenda's invocation of § 1782

"The second *Intel* factor instructs the Court to deny discovery due to the foreign tribunal's lack of receptiveness only when the party resisting discovery provides 'authoritative proof that a foreign tribunal would reject evidence' obtained via § 1782." *In re Ord. Pursuant to 28 U.S.C. § 1782*, 2025 WL 714374, at *5 (quoting a cleaned-up version of *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 (5th Cir. 2010)); *accord Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995). No such proof has been presented here. To the contrary, a declaration in support of Wenda's application indicates the opposite. Dkt. 5-1 at 9–10.

### C. The absence of an effort to circumvent proof-gathering restrictions

Wenda asserts that its "[a]pplication is brought in good faith and does not seek to circumvent any restrictions with respect to gathering evidence or other policies" embodied in English law. Dkt. 5 at 17. Absent a reason to doubt that assertion, it further supports a grant of § 1782 relief. *In re Ord. Pursuant to 28 U.S.C. § 1782*, 2025 WL 714374, at *6; *In re Thales Dis Ais Deutschland*

*GmbH*, No. 3:21-MC-303-S, 2021 WL 7707268, at *3 (N.D. Tex. Nov. 5, 2021); *In re Motorola Mobility, LLC*, No. C 12-80243 EJD (PSG), 2012 WL 4936609, at *2 (N.D. Cal. Oct. 17, 2012).

### D.  The permissible scope of the requested discovery

Finally, Wenda's application is sufficiently tailored and not unduly intrusive or burdensome because the request for § 1782 discovery directly relates to the claims asserted in the English proceeding. *In re Ord. Pursuant to 28 U.S.C. § 1782*, 2025 WL 714374, at *6. As Wenda explains, it "seeks only information sufficient to identify (i) the holders and beneficiaries of the formerly TD Ameritrade accounts that received the [relevant] money transfers between 2020 and 2021 and (ii) the dates on which those accounts were opened and, if applicable, closed." Dkt. 5 at 18; *see* Dkts. 5-2 at 5–7, 5-3 at 5–7 (Schedule A of the proposed subpoenas). That information is relevant, Wenda goes on to assert, because it will help the English court determine whether and, if so, the extent to which the defendants in the English proceeding engaged in fraud. Dkt. 5 at 18.

## RECOMMENDATION

It is **RECOMMENDED** that, subject to any motion for reconsideration that may be properly filed, Wenda's § 1782 application, Dkt. 1, be **GRANTED** and that the court issue an order: (a) authorizing Wenda to serve the entities identified as respondents in its application with subpoenas containing the discovery requests stated in Schedule A of the proposed subpoenas, Dkts. 5-2 at 5–7, 5-3 at 5–7; and (b) directing those entities to produce responsive documents within 14 days of service of the subpoenas.

\*   \*   \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal

conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 2nd day of December, 2025.

_____
Bill Davis
United States Magistrate Judge